3:17-CV-675-WKW-WC

# FORM FOR USE IN APPLICATIONS
# FOR HABEAS CORPUS UNDER 28 U.S.C. §2254

RECEIVED
2017 OCT -6  P 12: 59

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

SYLVESTER DAVIS, JR.
Name

211672
Prison Number

ST. CLAIR CORRECTIONAL FACILITY

Place of Confinement

United States District Court __MIDDLE__ District of __ALABAMA__

Case No. _____
(To be supplied by Clerk of U. S. District Court)

SYLVESTER DAVIS, JR. , PETITIONER
(Full Name)  (Include name under which you were convicted)

DEWAYNE ESTES, Warden , RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized person having custody of Petitioner)

and

THE ATTORNEY GENERAL OF THE STATE OF __ALABAMA__

DEWAYNE ESTES, Warden , ADDITIONAL RESPONDENT.

(if petitioner is attacking a judgement which imposed a sentence to be served in the <u>future</u>, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the <u>future</u> under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. §2255, in the federal court which entered the judgment.)

## PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

### INSTRUCTIONS--READ CAREFULLY

(1) This petition must be legibly handwritten or typewritten and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

N955



The Judicial Conference of the United States has adopted, effective 1/1/83, the 8½ x 11 inch paper size standard for use throughout the federal judiciary and directed the elimination of the use of legal size paper. All pleadings, etc. filed after 12/31/82 must be on 8½ x 11 inch paper, otherwise we cannot accept them.

(2) Additional pages are not permitted except with respect to the <u>facts</u> which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed <u>in forma pauperis</u>, in which event you must execute the declaration on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed <u>in forma pauperis</u>, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition if fully completed, the original and two copies * must be mailed to the Clerk of the United States District Court whose address <u>is</u>:

P.O. Box 711
Montgomery, Alabama 36101

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

*If you are proceeding <u>in forma pauperis</u>, only the original petition needs to be filed with the Court.

## PETITION

1. Name and location of court which entered the judgment of conviction under attack __Russell County Circuit Court__

2. Date of judgment of conviction __November 15, 2013__

3. Length of sentence __Life W/O__ Sentencing Judge __Albert L. Johnson__



4. Nature of offense or offenses for which you were convicted: __Murder (1 count)__

5. What was your plea? (check one)
   (a) Not guilty (XX)
   (b) Guilty ( )
   (c) Nolo contendere ( )
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: __N/A__

6. Kind of trial: (Check one)
   (a) Jury (X)
   (b) Judge only ( )

7. Did you testify at the trial? Yes ( )    No (X)

8. Did you appeal from the judgment of conviction?    Yes (XX)    No ( )

9. If you did appeal, answer the following:
   (a) Name of court __Alabama Court of Criminal Appeals__
   (b) Result __Affirmed__
   (c) Date of result __March 6, 2015__
   If you filed a second appeal or filed a petition for certeorari in the Supreme Court, give details: __N/A__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?    Yes (XX)    No ( )

11. If your answer to 10 was "yes", give the following information:
    (a) (1) Name of court __Russell Circuit Court__
        (2) Nature of proceeding __Rule 32__
        (3) Grounds raised __Denial of Effective Assistance of Counsel; Newly Discovered Evidence; Prosecutor Misconduct & Brady Violation__

        (4) Did you receive an evidentiary hearing on your petition, application or motion?    Yes ( )    No (X)
        (5) Result __Denied__
        (6) Date of result __August 10, 2016__

(b) As to any second petition, application or motion give the same information: **N/A**
(1) Name of court _____
(2) Nature of proceeding _____

(3) Grounds raised _____ N/A _____

(4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )  No ( )
(5) Result _____
(6) Date of result _____

(c) As to any third petition, application or motion, give the same information:
(1) Name of Court _____ **N/A** _____
(2) Nature of proceeding _____

(3) Grounds raised _____ N/A _____

(4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )  No ( )
(5) Result _____
(6) Date of result _____

(d) Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion:
(1) First petition, etc.          Yes (XX)   No ( )
(2) Second petition, etc.        Yes ( )    No ( )
(3) Third petition, etc.         Yes ( )    No ( )

(e) If you did <u>not</u> appeal from the adverse action on any petition, application or motion, explain briefly why you did not: _____ **N/A** _____

12. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground.

> CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: _____ See attachment _____

Supporting FACTS  (tell your story briefly without citing cases or law):
_____ See attachment _____

B. Ground two: _____ See attachment _____

Supporting FACTS  (tell your story briefly without citing cases or law):
_____ See attachment _____

C. Ground three: _____ See attachment _____

Supporting FACTS  (tell your story briefly without citing cases or law):
_____ See attachment _____

D. Ground four: _See Attachment_

Supporting FACTS (tell your story briefly without citing cases or law):
_See Attachment_

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal state briefly what grounds were not so presented, and give your reasons for not presenting them:

_N/A_

14. Do you have any petition or appeal now pending in any court, wither state or federal, as to the judgment under attack?    Yes ( )   No (X)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing _N/A_

(b) At arraignment and plea _Walter Gray, Phenix City Alabama_

(c) At trial _Walter Gray_

(d) At sentencing _Walter Gray_

(e) On appeal _Jo Anna C. Parker, Phenix City, Al_

(f) In any post-conviction proceeding ___Matthew A. Bailey___
___Birmingham, Al.___

(g) On appeal from any adverse ruling in a post-conviction proceeding: ___Matthew Bailey___

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ( )    No (XX)

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ( )    No (XX)

(a) If so, give name and location of court which imposed sentence to be served in the future: ___N/A___

(b) And give date and length of sentence to be served in the future: ___N/A___

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ( )    No (X)

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on ___9/19/17___.
(date)

___Sylvester Davis Jr.___
Signature of Petitioner

## ATTACHMENT TO PETITION FOR WROT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C.§ 2254

Ground One: Petitioner, Sylvester Davis, was denied Due Process and a Fair Trial when the Trial Court denied his Motion for Judgment of Acquittal based on the State's failure to prove the corpus delecti and causal connection of death.

Supporting Facts:

Petitioner avers for the State of Alabama to have properly submitted this to the jury, there must have existed before the jury legal evidence from which the jury by fair ineference could have found the petitioner guilty. Further, that in order for sufficient legal evidence to exist, the State had the burden to prove the corpus delicti and that there was a causal connection betwwen the action of Petitioner and the cause of the Victim's death. Davis contends, because such evidence did not exist, he was denied Due Process.

In this matter, sub judice, Dr. Steven Boudreau, the forensic examiner called by the State, could not ascertain a cause of death and he was unable to identify any evidence of injury, inside the body cavities or the skull. (R. 259-60). Dr. Boudreau testified that the means of death were underterminable, but he believed the death to be a homicide. (Id.) This opinion was based on the circumstances in which the body was found. (R. 261) there was no testimony that Dr. Boudreau opinion was based on sciencitific methods or reliable principles and methods.

Petitioner acknowledge that Dr. Boudreau's testimony was not the only testimony offered by the State in support of its contention that the death of the deceased resulted from the criminal agency of another, however, circumstantial evidence alone, unless it excludes to a moral certainty every reasonable hypothesis but that of petitioner's guilt.. In this case, because the State failed in its burden, the trial court denied Davis Due Process in denying his Motion for Judgment of Acquittal.

**Ground Two:** Petitioner was denied Due Process and a fair trial when the Trial Court denied Davis Motion for a Judgment of Acquittal based on his conviction resting upon the uncorroborated testimony of an accomplice.

**Supporting Facts:**

Petitioner contends that Jerry Foster, who was an inmate in the Macon County Jail, was the State's sole witness connecting Davis to the crime, told Alabama Bureau of Investigation agents, that he had been living and working at Petitioner's automotive and detail shop he owned in Phenix city Alabama, that Davis came to the shop and instructed him to come with him, Foster stated that Davis was disheveled and had scratches on his face and neck. Foster stated that Davis got in the victim's red avalanche and told Foster to follow him in Davis Hummer; Davis drove into Columbus and parked the avalanche in a parking lot and got back into his Hummer and drove back to Phenix City, and when nearing his shop, he turned off onto a dirt road and backed into a cut; Davis told Foster that he fucked-up and needed Foster's help to bury his girl friend, in which Foster stated that Davis told him " Man I killed my girl", Foster stated he got out the Hummer to leave, he looked behind the Hummer and saw a body wrapped in sheets, the feet were exposed, and the toenails on the feet were painted. Foster directed ABI to the remote area where agents found the body, he further showed ABI the routes he and Davis drove from phenix city to columbus where the red avalanche was found.

Davis contends that a conviction of a felony cannot be had on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient.

Davis contends that Jerry Foster was at the very least to be considered an accomplice in the matter for which Davis stands convicted. Foster was the only person with proven knowledge of the whereabouts of the body; there was no forensic

forensic evidence that incriminated petitioner than there was against Foster.

Petitioner contends that based on his knowledge of the whereabouts of the body of the victim, Foster could have been indicted as the perpetrator of the offense, at the very least, if Foster testimony is to believed, his failure to immediately contact law enforcement makes him an accomplice after the fact.

Davis contends that absent Foster testimony, there is no evidence connectin him to the crime. The State presented testimony and evidence suggesting that Petitioner was with the decedent earlier on the day she is alleged to have died. However, Dr. Boudreau could not give an approximation of when the decedent perished other than a month or so. (R. 264). Further absent Foster's testimony, there is no other testimony or evidence suggesting that the decedent perished as a result of the criminal agency of another other thanthe speculation and conjecture of Dr. Boudreau that was not based on any scientific analysis or method, in fact, Dr. Boudreau testified that there's an indication that there's been fould play. (R. 261)

Davis contends because his conviction rest upon the uncorroborated testimony of an accomplice, the trial court denied Davis Due Process when he denied his Motion for judgment of acquittal.

**Ground Three:** Petitioner was denied Due Process and a fair trial when he was convicted without the State presenting sufficient evidence to support a finding of guilt.

Supporting Facts:

Petitioner argues that he was denied Due Process when he was convicted without the State proubing each element of the offense beyond a reasonable doubt. Petitioner incorporates by reference as if restated herein the facts and arguments as set forth in grounds 1 and 2, and contends that in light of the record evidence and reviewing it in light most favorable to the State, there was insufficient evidence to sustain the conviction, and Davis is entitle to habeas relief on this claim.

<u>Ground Four</u>: Petitioner was denied Due Process and a fair trial because the State fail to prove each element of the offense.

<u>Supporting Facts</u>:

Petitioner avers that he was deprived of liberty without due process of law in violation of the rights guaranteed under the fourteenth Amendment to the United States Constitution, because the State was not required to prove cause of death and causal connection. The Due Process clause of the fourteenth amendment protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. As petitioner argued in grounds 1-3 above, in order for this cause to have been properly submitted to the jury, the State had the burden to prove the corpus delicti and that there was a causal connection between the actions of petitioner and the cause of the decedent's death. Petitioner argues that the record is void of any evidence of an injury inflicted upon the deceased that caused her death, there was no evidence of an injury caused to the deceased by petitioner, which could have proximately caused her death, because the State was not required to prove a causal connection between an injury caused to the deceased by petitioner and her death, petitioner was denied due process of law as guaranteed by the fourteenth amendment to the United States Constitution and is entitled to habeas relief.

<u>Ground Five</u>: Petitioner was denied his sixth amendment right to effective assistance of counsel when counsel fail to investigate the case against him.

<u>Supporting Facts</u>:

Petitioner avers that his trial counsel failed to properly investigate the case against Mr. Davis by not looking into the alleged intimidation of Jerry Wayne Foster by the petitioner, not investigating Foster leaving Phenix City and his stay in Tuskegee before his arrest, the circumstances surrounding Davis and the victim living arrangements with the petitioner, and not investigating witnesses that saw Davis on the day he is alleged to haved murdered the victim.

Petitioner avers that disproving the intimidation of Foster would show that he was committing perjury on the stand. The only person to place Davis at the scene of the murder is Foster. If counsel had actually investigated the supposed intimidation or bribery by Davis, they would have been able to easily dispute Foster's narrative and show that he was not being truthful towards the jury. Additionally, an investigation into the time that Foster spent in Tuskegee would have given them helpful knowledge regarding the truthfulness of his statements for when he went back home. The information Davis had on purchasing furniture would have shown that any inference made by the State about his apartment due to lack of furniture were incorrect. Later, Davis argued that Foster testified that a woman that he met paid $7500 to bail him out, either the prosecution failed to reveal the circumstances surrounding Foster's bail or counsel failed to look into actual paperwork to determine the truth of the statement..

Petitioner contends if counsel had actually investigated the supposed intimidation or bribery by Davis, they would have been able to easily dispute Foster's narrative and show that he was not being truthful toward the jury. Davis provided affidavits from individuals who were in jail with Foster and Davis at the time the note was written that would testify that Foster voluntarily wrote the note and gave it to Davis. the key witness testimony on material issue shown to be perjury would seriously have undermined the case brought by the State and would show prejudiced during the trial due to failure by the trial counsel.

Petitioner avers that his trial counsel error and omission and this regards was deficient performance that prejudice Davis and deprived him of a fundamental fair trial. Davis is entitled to habeas relief on this claim.

Ground Six:  Trial Counsel was ineffective and Davis was prejudiced thereby when counsel failed to challenge the legally questionable cell phone evidence that the State relied upon.

Supporting Facts:
Petitioner avers that the State in his case called Sandra Hicky, a forensic analyst with the Special Victims Unit for the Columbus Police Department, Detective

Hicky was admitted as an expert because she had testified as an expert before and testified she was a certified mobile device examiner from the International Association of Computer Investigative Specialists, she also had an FBI CART certification. Using information obtained by the department, Hicky testified as to the supposed location of Davis Phone through the day the victim disappeared., Hicky testimony was the basis provided by the State for admitting several maps as exhibits with claims of the exact times and locations of the phones on them. Hicky was qualified to be an expert on cell phone data and information, but the conclusions drawn based on that data and the subsequent testimony on those conclusions was not backed up by scientific acceptance or testing in the field.

Petitioner avers trial counsel should have moved to exclude the evidence presented by the State, pressed the expert on the reliaBILITY OF THE EVIDENCE ON CROSS_EXAMINATION: MOVED FOR THE COURT TO INSTRUCT THE JURY REGARDING THE RELIABILITY OF THE EVIDENCE, OR MOVED FOR THEIR OWN CELL PHONE EXPERT, HAD ANY ONE OF THESE BEEN PRESENT, the jury could have entertained a reasonable doubt with respect to Davis guilt. Petitioner avers that trial counsel error in failing to argue against the admissibility or weight of the cell phone evidence and for failing to ask for funds to bring in an expert in that field that could show the problems with testimony which falsely claims to be able to accurately use an individual's cell records to accurately reflect their location, was deficient performance that prejudiced Davis defense and deprived him a fair trial.

<u>Ground Seven:</u>   Counsel was ineffective and Davis was prejudiced thereby when counsel failed to move for funds to fully investigate the circumstances surrounding Petitioner's case.

<u>Supporting Facts</u>:

Petitioner avers that the actions Foster took leaving Phenix City and going back to Tuskegee were extremely important to determine whether Foster was being truthful in his description of what happened to the victim, asking for extra funds to hire an investigator to collect testimony from individuals in Tuskegee and in

Phenix City was extremely important to Davis defense. The State's Case almost entirely depended upon the testimony of Foster, and Davis trial counsel had some of the previous testimony that Foster had given in the case. A motion should have been made to ensure extra funds to hire an investigator to scrutinize the individuals that Foster interacted with and ensure that he was being truthful. Additionally, an investigator would be able to look into the story that Foster gave regarding the person that bailed him out of jail, at trial the person was never named. Petitioner avers that his trial counsel errors and omissions in this regards was prejudical to petitioner's defense.

<u>Ground Eight:</u>  Counsel was Ineffective and Davis was prejudiced thereby when Counsel fail to request a Mistrial after two instances of Jury misconduct.

<u>Supporting Facts:</u>

Petitioner avers that counsel failed to call for a new venier despite the fact that someone in the venire poisoned the pool by declaring that Davis looked guilty despite no evidence having being presented at that point. While at first glance the impact that one juror yelling that Davis looked guilty before the entire potential jury pool would not be serious, there is a great deal of psychological impact that type of inference can have. Failure to do so changed the outcome of the case. Also, Davis alerted counsel that one of the jurors have been having communications about the case with third party individuals. These communications are explicitly outlawed under court rules because the jurors are not to discuss the case with one another until after all of the evidence is admitted by the the trial court, the closing arguments have concluded, and the jurors have been instructed on the law.

petitioner avers that counsel failure to address the jury misconduct was error. The jury communication with a third-party about the trial and the case itself received a great deal of attention in the news. the information exchanged between them inevitably tainted the jury's outcome and would have unlawfully influenced the juror and those that debated the outcome of the trial. Additionally,

the information shouted by the juror who was fined and held in contempt was also likely to have unlawfully influenced the verdict and sent an innocent man to prison for a crime he did not commit.

Ground Nine: Petitioner was denied due process and fair procedure that prevented ~~Defendant from~~ knowingly waiving his right to a preliminary hearing.

Supporting Facts:

In a Facebook post dated December 6, 2015, Jerry Wayne Foster makes a variety of assertions about him doing things to "save my ass" and assertions that seem to show evidence that he was not being truthful in cases or information he gave to law enforcement, this evidence was not available at the time of trial and certainly was not cumulative to any facts that the defense had at the time of trial. The information posted in the facebook post also provides evidence that Foster is willing to do what he needs to do to protect himself first over others, it is not merely impeachment evidence either, it provides independent evidence that Foster testimony was not correct in this case and he is willing to lie to save his ass if needed.

Petitioner avers that he is entitled to habeas relief and/or an evidentiary hearing on this claim.

Ground Ten: Petitioner was denied Due Process and a Fair Trial due to the State failure to disclose Brady Evidence or due to Newly Discovered Evidence.

Supporting Facts:

Petitioner avers that the State failed to disclose the full terms of Foster's incareceration to the defense in preparing them for trial. If that information was not available to the State at the time of trial, then it is newly discovered evidence that shows that Davis should be given a new trial.

During the trial, Foster testified that he was sentenced to 15 years for the crimes that he committed and that he had not received a deal for his cooperation in the case, the State failed to provide information regarding the outcome of Foster's cases. Foster minimum release date, at this time, is September

10, 2016. Additionally, Foster was charged with Rape second degree in Macon County in case No. DC-12-68 those charges were waived to the grand jury but there was not an outcome in that case. it is not likely that an individual charged with rape would not be indicted and be tried at the Circuit Court.

Petitioner is entitled to habeas relief and/or an evidentiary hearing on this claim.

Ground Eleven: Petitioner was denied Due Process and a Fair Trial when either the prosecutor fail to disclose that Foster had not been truthful regarding who bailed him out of jail, or Trial Counsel failed to look into the information regarding the most impostant witness in the case.

Supporting Facts:

During the trial, Foster testified that a woman that he met paid $7500 to bail him out, this was in necessary to contradict any questions from the defense counsel that would imply that the Alabama Bureau of Investigation or any other agency bailed him out for cooperation in the case against Davis. Either the State failed to reveal the circumstances surrounding Foster's bail or Counsel failed to look into the actual paperwork to determine the truth of the statement. Trial counsel questioned Foster in regards to whether he was assisted by the State in being bailed out, but did not appear to have inspected the paperwork to determine the reality of the situation there.

Petitioner is entitled to habeas relief and/or an evidentiary hearing on this claim.

Sylvester Davis, Jr.
AIS# 211643
1000 St. Clair Road
Springville, AL. 35146

Office of The Clerk
U.S. District Court
Middle District of
P.O. Box 711
Montgomery, AL 36101

"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the ADOC is not responsible for the substance or content of the enclosed communication."