AO 241
(Rev. 01/15)

Page 2

RECEIVED

# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

2017 OCT 12

| United States District Court | District: Middle District of Alabama |
|---|---|

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| Name (under which you were convicted): Sylvester Davis, Jr. | Docket or Case No.: 2:17cv675-WKW |
|---|---|

| Place of Confinement : St. Clair Correctional Facility | Prisoner No.: 211672 |
|---|---|

| Petitioner (include the name under which you were convicted) Sylvester Davis, Jr. | v. | Respondent (authorized person having custody of petitioner) Jefferson S. Dunn, Commissioner of the Alabama Department of Corrections; Dewayne Estes, Warden of St. Clair Correctional Facility |
|---|---|---|

| The Attorney General of the State of: Alabama |
|---|

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

Russell County Circuit Court

(b) Criminal docket or case number (if you know): 57-CC-2012-716.00

2.  (a) Date of the judgment of conviction (if you know): 10/25/2013

(b) Date of sentencing: 11/15/2013

3.  Length of sentence: Life without Parole

4.  In this case, were you convicted on more than one count or of more than one crime? ☐ Yes ☑ No

5.  Identify all crimes of which you were convicted and sentenced in this case: Murder (Ala Code Section 13-6-2)

6.  (a) What was your plea? (Check one)

☑ (1) Not guilty          ☐ (3) Nolo contendere (no contest)

☐ (2) Guilty          ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? N|A

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury      ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes      ☐ No

8.   Did you appeal from the judgment of conviction?

☑ Yes      ☐ No

9.   If you did appeal, answer the following:

(a) Name of court:     Alabama Court of Criminal Appeals

(b) Docket or case number (if you know):     CR-13-0266

(c) Result:     Affirmed by Memorandum

(d) Date of result (if you know):     03/06/2015

(e) Citation to the case (if you know):     207 So. 3d 779

(f) Grounds raised:     Sufficiency of the evidence.

(g) Did you seek further review by a higher state court?     ☐ Yes     ☑ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

AO 241
(Rev. 01/15)

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☑ Yes   ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court:   Russell County Circuit Court

(2) Docket or case number (if you know):   57-CC-2012-716.60

(3) Date of filing (if you know):   02/29/2016

(4) Nature of the proceeding:   Rule 32 Petition

(5) Grounds raised:   Ineffective assistance of counsel (failure to investigate, hire an expert

witness, failure to get funds for investigator, & failure to get mistrial after jury misconduct),

unconstitutional court procedure, newly discovered testimony of perjury, and newly

discovered evidence of a Brady violation.

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result:   Dismissed

(8) Date of result (if you know):   08/10/2016

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: N/A

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: N/A

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

AO 241
(Rev. 01/15)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes      ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:      ☑ Yes      ☐ No

(2) Second petition:   ☐ Yes      ☐ No

(3) Third petition:     ☐ Yes      ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____ N|A _____

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**     See Attachment

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Attachment

(b) If you did not exhaust your state remedies on Ground One, explain why:     N/A

AO 241
(Rev. 01/15)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☑ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:  N|A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241
(Rev. 01/15)

Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:          See Attachment

**GROUND TWO:**          See Attachment

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Attachment

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     XX  ☐  Yes     ☐  No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes     ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

AO 241
(Rev. 01/15)

Page 9

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

| | | | | |
|---|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ | Yes | ☐ | No |
| (4) Did you appeal from the denial of your motion or petition? | ☐ | Yes | ☐ | No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☐ | Yes | ☐ | No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two : _____

_____

_____

_____

**GROUND THREE:**    _SEE Attachment_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_SEE Attachment_

_____

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

_____

(c)   **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?                          ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?                     ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

AO 241
(Rev. 01/15)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:**                        See Attachment _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

                                See  Attachment

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)     **Direct Appeal of Ground Four:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

        (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)     **Post-Conviction Proceedings:**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

                ☐ Yes    ☐ No

        (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

| | | | |
|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☐ No |
| (4) Did you appeal from the denial of your motion or petition? | ☐ Yes | ☐ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☐ Yes | ☐ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

_____

_____

13.   Please answer these additional questions about the petition you are filing:

   (a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court
         having jurisdiction?   ☐ Yes   ☐ No
         If your answer is "No," state which grounds have not been so presented and give your reason(s) for not
         presenting them: _____

         _____

         _____

         _____

   (b)   Is there any ground in this petition that has not been presented in some state or federal court? If so, which
         ground or grounds have not been presented, and state your reasons for not presenting them:

         _____

         _____

         _____

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction
      that you challenge in this petition?   ☐ Yes   ☑ No
      If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues
      raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy
      of any court opinion or order, if available. _____

      _____

      _____

      _____

      _____

      _____

      _____

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for
      the judgment you are challenging?   ☐ Yes   ☑ No
      If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues
      raised. _____

      _____

      _____

      _____

      _____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:   N/A

(b) At arraignment and plea:   Walter Lee Gray, III

Russell County Judicial Center 501 14th Street, Phenix City AL, 36867

(c) At trial:   Walter Lee Gray, III

Russell County Judicial Center 501 14th Street, Phenix City AL, 36867

(d) At sentencing:   Walter Lee Gray, III

Russell County Judicial Center 501 14th Street, Phenix City AL, 36867

(e) On appeal:   Jo Anna Parker

1507 Broad St., Phenix City, AL 36867

(f) In any post-conviction proceeding:   Matthew A. Bailey; Jason Jackson

2027 2nd Ave N, Suite A, Birmingham, AL 35203; 56 Court Square, Alexander City, AL 35010

(g) On appeal from any ruling against you in a post-conviction proceeding:   Matthew A. Bailey

2027 2nd Ave N, Suite A, Birmingham, AL 35203

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

N/A

AO 241
(Rev. 01/15)

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

     (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

     (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

     (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

     (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 01/15)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: To grant the writ of habeas corpus and direct that a new trial be granted and/or an evidentiary hearing.

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on October 6, 2017 (month, date, year).

Rebecca H. Steele - Notary    4/25/21

Executed (signed) on 6th October 2017 (date).

_____

Sylvester Davis

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

Wester Davis, Jr.
Is # 211672 - Dorm G-18
100 St. Clair Road
Springville, Al.
35146

"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the ADOC is not responsible for the substance or content of the enclosed communication."

To:

Office of the Clerk
Middle District of Alabama
1 Church Street
Montgomery, Al.
36104



ATTACHMENT TO PETITION FOR WROT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C.§ 2254

3:17-CV-690-WKW-WC

**Ground One:** Petitioner, Sylvester Davis, was denied Due Process and a Fair Trial when the Trial Court denied his Motion for Judgment of Acquittal based on the State's failure to prove the corpus delecti and causal connection of death.

**Supporting Facts:**

Petitioner avers for the State of Alabama to have properly submitted this to the jury, there must have existed before the jury legal evidence from which the jury by fair ineference could have found the petitioner guilty. Further, that in order for sufficient legal evidence to exist, the State had the burden to prove the corpus delicti and that there was a causal connection betwwen the action of Petitioner and the cause of the Victim's death. Davis contends, because such evidence did not exist, he was denied Due Process.

In this matter, sub judice, Dr. Steven Boudreau, the forensic examiner called by the State, could not ascertain a cause of death and he was unable to identify any evidence of injury, inside the body cavities or the skull. (R. 259-60). Dr. Boudreau testified that the means of death were underterminable, but he believed the death to be a homicide. (Id.) This opinion was based on the circumstances in which the body was found. (R. 261) there was no testimony that Dr. Boudreau opinion was based on sciencitific methods or reliable principles and methods.

Petitioner acknowledge that Dr. Boudreau's testimony was not the only testimony offered by the State in support of its contention that the death of the deceased resulted from the criminal agency of another, however, circumstantial evidence alone, unless it excludes to a moral certainty every reasonable hypothesis but that of petitioner's guilt.. In this case, because the State failed in its burden, the trial court denied Davis Due Process in denying his Motion for Judgment of Acquittal.

**Ground Two:** Petitioner was denied Due Process and a fair trial when the Trial Court denied Davis Motion for a Judgment of Acquittal based on his conviction resting upon the uncorroborated testimony of an accomplice.

**Supporting Facts:**

Petitioner contends that Jerry Foster, who was an inmate in the Macon County Jail, was the State's sole witness connecting Davis to the crime, told Alabama Bureau of Investigation agents, that he had been living and working at Petitioner's automotive and detail shop he owned in Phenix city Alabama, that Davis came to the shop and instructed him to come with him, Foster stated that Davis was disheveled and had scratches on his face and neck. Foster stated that Davis got in the victim's red avalanche and told Foster to follow him in Davis Hummer; Davis drove into Columbus and parked the avalanche in a parking lot and got back into his Hummer and drove back to Phenix City, and when nearing his shop, he turned off onto a dirt road and backed into a cut; Davis told Foster that he fucked-up and needed Foster's help to bury his girl friend, in which Foster stated that Davis told him " Man I killed my girl", Foster stated he got out the Hummer to leave, he looked behind the Hummer and saw a body wrapped in sheets, the feet were exposed, and the toenails on the feet were painted. Foster directed ABI to the remote area where agents found the body, he further showed ABI the routes he and Davis drove from phenix city to columbus where the red avalanche was found.

Davis contends that a conviction of a felony cannot be had on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient.

Davis contends that Jerry Foster was at the very least to be considered an accomplice in the matter for which Davis stands convicted. Foster was the only person with proven knowledge of the whereabouts of the body; there was no forensic

forensic evidence that incriminated petitioner than there was against Foster.

Petitioner contends that based on his knowledge of the whereabouts of the body of the victim, Foster could have been indicted as the perpetrator of the offense, at the very least, if Foster testimony is to believed, his failure to immediately contact law enforcement makes him an accomplice after the fact.

Davis contends that absent Foster testimony, there is no evidence connectin him to the crime. The State presented testimony and evidence suggesting that Petitioner was with the decedent earlier on the day she is alleged to have died. However, Dr. Boudreau could not give an approximation of when the decedent perished other than a month or so. (R. 264). Further absent Foster's testimony, there is no other testimony or evidence suggesting that the decedent perished as a result of the criminal agency of another other thanthe speculation and conjecture of Dr. Boudreau that was not based on any scientific analysis or method, in fact, Dr. Boudreau testified that there's an indication that there's been fould play. (R. 261)

Davis contends because his conviction rest upon the uncorroborated testimony of an accomplice, the trial court denied Davis Due Process when he denied his Motion for judgment of acquittal.

**Ground Three:** Petitioner was denied Due Process and a fair trial when he was convicted without the State presenting sufficient evidence to support a finding of guilt.

**Supporting Facts:**

Petitioner argues that he was denied Due Process when he was convicted without the Stat proving each element of the offense beyond a reasonable doubt. Petitioner incorporates by reference as if restated herein the facts and arguments as set forth in grounds 1 and 2, and contends that in light of the record evidence and reviewing it in light most favorable to the State, there was insufficient evidence to sustain the conviction, and Davis is entitle to habeas relief on this claim.

**Ground Four:** Petitioner was denied Due Process and a fair trial because the State fail to prove each element of the offense.

**Supporting Facts:**

Petitioner avers that he was deprived of liberty without due process of law in violation of the rights guaranteed under the fourteenth Amendment to the United States Constitution, because the State was not required to prove cause of death and causal connection. The Due Process clause of the fourteenth amendment protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. As petitioner argued in grounds 1-3 above, in order for this cause to have been properly submitted to the jury, the State had the burden to prove the corpus delicti and that there was a causal connection between the actions of petitioner and the cause of the decedent's death. Petitioner argues that the record is void of any evidence of an injury inflicted upon the deceased that caused her death, there was no evidence of an injury caused to the deceased by petitioner, which could have proximately caused her death, because the State was not required to prove a causal connection between an injury caused to the deceased by petitioner and her death, petitioner was denied due process of law as guaranteed by the fourteenth amendment to the United States Constitution and is entitled to habeas relief.

**Ground Five:** Petitioner was denied his sixth amendment right to effective assistance of counsel when counsel fail to investigate the case against him.

**Supporting Facts:**

Petitioner avers that his trial counsel failed to properly investigate the case against Mr. Davis by not looking into the alleged intimidation of Jerry Wayne Foster by the petitioner, not investigating Foster leaving Phenix City and his stay in Tuskegee before his arrest, the circumstances surrounding Davis and the victim living arrangements with the petitioner, and not investigating witnesses that saw Davis on the day he is alleged to haved murdered the victim.

Petitioner avers that disproving the intimidation of Foster would show that he was committing perjury on the stand. The only person to place Davis at the scene of the murder is Foster. If counsel had actually investigated the supposed intimidation or bribery by Davis, they would have been able to easily dispute Foster's narrative and show that he was not being truthful towards the jury. Additionally, an investigation into the time that Foster spent in Tuskegee would have given them helpful knowledge regarding the truthfulness of his statements for when he went back home. The information Davis had on purchasing furniture would have shown that any inference made by the State about his apartment due to lack of furniture were incorrect. Later, Davis argued that Foster testified that a woman that he met paid $7500 to bail him out, either the prosecution failed to reveal the circumstances surrounding Foster's bail or counsel failed to look into actual paperwork to determine the truth of the statement..

Petitioner contends if counsel had actually investigated the supposed intimidation or bribery by Davis, they would have been able to easily dispute Foster's narrative and show that he was not being truthful toward the jury. Davis provided affidavits from individuals who were in jail with Foster and Davis at the time the note was written that would testify that Foster voluntarily wrote the note and gave it to Davis. the key witness testimony on material issue shown to be perjury would seriously have undermined the case brought by the State and would show prejudiced during the trial due to failure by the trial counsel.

Petitioner avers that his trial counsel error and omission and this regards was deficient performance that prejudice Davis and deprived him of a fundamental fair trial. Davis is entitled to habeas relief on this claim.

Ground Six: Trial Counsel was ineffective and Davis was prejudiced thereby when counsel failed to challenge the legally questionable cell phone evidence that the State relied upon.

Supporting Facts:
Petitioner avers that the State in his case called Sandra Hicky, a forensic analyst with the Special Victims Unit for the Columbus Police Department, Detective

Hicky was admitted as an expert because she had testified as an expert before and testified she was a certified mobile device examiner from the International Association of Computer Investigative Specialists, she also had an FBI CART certification. Using information obtained by the department, Hicky testified as to the supposed location of Davis Phone through the day the victim disappeared., Hicky testimony was the basis provided by the State for admitting several maps as exhibits with claims of the exact times and locations of the phones on them. Hicky was qualified to be an expert on cell phone data and information, but the conclusions drawn based on that data and the subsequent testimony on those conclusions was not backed up by scientific acceptance or testing in the field.

Petitioner avers trial counsel should have moved to exclude the evidence presented by the State, pressed the expert on the reliaBILITY OF THE EVIDENCE ON CROSS EXAMINATION: MOVED FOR THE COURT TO INSTRUCT THE JURY REGARDING THE RELIABILITY OF THE EVIDENCE, OR MOVED FOR THEIR OWN CELL PHONE EXPERT, HAD ANY ONE OF THESE BEEN PRESENT, the jury could have entertained a reasonable doubt with respect to Davis guilt. Petitioner avers that trial counsel error in failing to argue against the admissibility or weight of the cell phone evidence and for failing to ask for funds to bring in an expert in that field that could show the problems with testimony which falsely claims to be able to accurately use an individual's cell records to accurately reflect their location, was deficient performance that prejudiced Davis defense and deprived him a fair trial.

Ground Seven:    Counsel was ineffective and Davis was prejudiced thereby when counsel failed to move for funds to fully investigate the circumstances surrounding Petitioner's case.

Supporting Facts:

Petitioner avers that the actions Foster took leaving Phenix City and going back to Tuskegee were extremely important to determine whether Foster was being truthful in his description of what happened to the victim, asking for extra funds to hire an investigator to collect testimony from individuals in Tuskegee and in

Phenix City was extremely important to Davis defense. The State's Case almost entirely depended upon the testimony of Foster, and Davis trial counsel had some of the previous testimony that Foster had given in the case. A motion should have been made to ensure extra funds to hire an investigator to scrutinize the individuals that Foster interacted with and ensure that he was being truthful. Additionally, an investigator would be able to look into the story that Foster gave regarding the person that bailed him out of jail, at trial the person was never named. Petitioner avers that his trial counsel errors and omissions in this regards was prejudical to petitioner's defense.

<u>Ground Eight:</u>  Counsel was Ineffective and Davis was prejudiced thereby when Counsel fail to request a Mistrial after two instances of Jury misconduct.

<u>Supporting Facts:</u>

Petitioner avers that counsel failed to call for a new venier despite the fact that someone in the venire poisoned the pool by declaring that Davis looked guilty despite no evidence having being presented at that point. While at first glance the impact that one juror yelling that Davis looked guilty before the entire potential jury pool would not be serious, there is a great deal of psychological impact that type of inference can have. Failure to do so changed the outcome of the case. Also, Davis alerted counsel that one of the jurors have been having communications about the case with third party individuals. These communications are explicitly outlawed under court rules because the jurors are not to discuss the case with one another until after all of the evidence is admitted by the the trial court, the closing arguments have concluded, and the jurors have been instructed on the law.

petitioner avers that counsel failure to address the jury misconduct was error. The jury communication with a third-party about the trial and the case itself received a great deal of attention in the news. the information exchanged between them inevitably tainted the jury's outcome and would have unlawfully influenced the juror and those that debated the outcome of the trial. Additionally,

the information shouted by the juror who was fined and held in contempt was also

likely to have unlawfully influenced the verdict and sent an innocent man to prison

for a crime he did not commit.

**Ground Nine:** Petitioner was denied due process and fair procedure that prevented
~~Defendant from~~ knowingly waiving his right to a preliminary hearing.

Supporting Facts:

b        In a Facebook post dated December 6, 2015, Jerry Wayne Foster makes a variety

of assertions about him doing things to "save my ass" and assertions that seem

to show evidence that he was not being truthful in cases or information he gave

to law enforcement, this evidence was not available at the time of trial and

certainly was not cumulative to any facts that the defense had at the time of

trial. The information posted in the facebook post also provides evidence that

Foster is willing to do what he needs to do to protect himself first over others,

it is not merely impeachment evidence either, it provides independent evidence

that Foster testimony was not correct in this case and he is willing to lie to

save his ass if needed.

Petitioner avers that he is entitled to habeas relief and/or an evidentiary

hearing on this claim.

**Ground Ten:** Petitioner was denied Due Process and a Fair Trial due to the State
failure to disclose Brady Evidence or due to Newly Discovered Evidence.

Supporting Facts:

Petitioner avers that the State failed to disclose the full terms of

Foster's incarceration to the defense in preparing them for trial. If that

information was not available to the State at the time of trial, then it is newly

discovered evidence that shows that Davis should be given a new trial.

During the trial, Foster testified that he was sentenced to 15 years for

the crimes that he committed and that he had not received a deal for his

cooperation in the case, the State failed to provide information regarding the

outcome of Foster's cases. Foster minimum release date, at this time, is September

10, 2016. Additionally, Foster was charged with Rape second degree in Macon County

in case No. DC-12-68 those charges were waived to the grand jury but there was

not an outcome in that case. it is not likely that an individual charged with rape

would not be indicted and be tried at the Circuit Court.

Petitioner is entitled to habeas relief and/or an evidentiary hearing on

this claim.

<u>Ground Eleven:</u>  Petitioner was denied Due Process and a Fair Trial when either
the prosecutor fail to disclose that Foster had not been truthful regarding who
bailed him out of jail, or Trial Counsel failed to look into the information
regarding the most impostant witness in the case.

<u>Supporting Facts:</u>

During the trial, Foster testified that a woman that he met paid $7500 to

bail him out, this was in necessary to contradict any questions from the defense

counsel that would imply that the Alabama Bureau of Investigation or any other

agency bailed him out for cooperation in the case against Davis. Either the State

failed to reveal the circumstances surrounding Foster's bail or Counsel failed

to look into the actual paperwork to determine the truth of the statement. Trial

counsel questioned Foster in regards to whether he was  assisted by the State in

being bailed out, but did not appear to have inspected the paperwork to determine

the reality of the situation there.

Petitioner is entitled to habeas relief and/or an evidentiary hearing on

this claim.

Sylvester Davis
10-6-17