## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| SYLVESTER DAVIS, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 3:17cv675-WKW |
| | ) | |
| WARDEN DEWAYNE ESTES, | ) | |
| *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |

## RESPONSE TO FEDERAL HABEAS PETITION

Come now Respondents in the above styled cause, by and through the Attorney General of the State of Alabama, and in response to this Court's October 26, 2017 order make the following reply to Davis's federal habeas petition:

1.      Davis is currently serving life without parole in state prison pursuant to a conviction for murder.

2.      Respondents aver that eight of the eleven claims presented in Davis's petition remain unexhausted and are procedurally defaulted because there remains no avenue by which Davis can return to state court to exhaust them.

3.      Respondents also aver that because Davis's remaining three claims were adjudicated on their merits in state court, he is not entitled to federal habeas review of those claims.

4.    Respondents deny that any of Davis's federal constitutional rights have been violated by the State of Alabama incident to this case.

5.    Respondents aver that they do not waive the future assertion of other applicable defenses.

6.    Respondents aver that based on this answer and the accompanying exhibits, Davis is not entitled to federal habeas relief.

## CHRONOLOGY OF THE CASE

On November 15, 2013, Davis was sentenced as an habitual felony offender to serve life without parole pursuant to his conviction for murder. (Exhibit B at C. 27-28, 11-13; R. 655, 665-67.)[1] Davis appealed his conviction on the following grounds:

1.    Insufficiency of the evidence:

    a.    The evidence was insufficient to prove the corpus delicti and to demonstrate a causal connection between Davis's actions and the death of his victim, Yamisha Thomas. (Exhibit C at 11-16.)

    b.    Accomplice testimony was not properly corroborated. (Exhibit C at 16-20.)

    c.    The evidence was insufficient to support the guilty verdict. (Exhibit C at 20-21.)

---

[1] Citations to the certified records, included as Exhibits B and G to this reply, will reference pages in the clerk's portion as "C." and pages in the transcript portion as "R."

2

>   2.   Davis was denied due process of law because the State "was not
>        required to prove cause of death and causal connection." (Exhibit
>        C at 21-22.)

On March 6, 2015, the Alabama Court of Criminal Appeals issued a memorandum

opinion affirming Davis's capital murder conviction. (Exhibit E.) Davis did not seek

rehearing in that court, nor did he petition the Alabama Supreme Court for certiorari

review. (Exhibit A at 2.) Davis's direct appeal became final on March 25, 2015,

when a certificate of judgment issued. (*Id.*)

On February 29, 2016, Davis filed a Rule 32 petition collaterally attacking his

conviction. (Exhibit G at C. 6-21.) In his petition, Davis alleged the following

grounds for relief:

>   1.   Ineffective assistance of counsel:
>
>        a.   failure to properly investigate (Exhibit G at 9-11);
>
>        b.   failure to hire an expert to refute cellular telephone
>             evidence introduced by the State (Exhibit G at 11-
>             13);
>
>        c.   failure to seek funds to "fully investigate"
>             circumstances regarding the State's witness Jerry
>             Wayne Foster (Exhibit G at 13);
>
>        d.   failure to obtain a mistrial for alleged jury
>             misconduct (Exhibit G at 14-15);
>
>   2.   Davis was not appointed counsel until after he unknowingly
>        waived his right to a preliminary hearing. (Exhibit G at 15-16.)

3

3.   Newly discovered facts involving a Facebook post made by Jerry Wayne Foster show that Foster's testimony was perjured. (Exhibit G at 16-17.)

4.   The State violated *Brady* by failing to disclose the terms of a deal in exchange for Foster's testimony, or, alternatively, if that information was not known prior to trial it is newly discovered evidence warranting a new trial. (Exhibit G at 17-18.)

5.   The State failed to notify Davis that Foster's testimony was perjured or, at the least, failed to "look into the information regarding the most important witness in the case." (Exhibit G at 18-19.)

The trial court summarily denied Davis's petition on the grounds that it was insufficiently pleaded and/or meritless. (Exhibit G at 79-80.) Davis appealed this order. On appeal, he reasserted three of the four ineffective assistance of counsel claims, his newly discovered evidence claim, his claim that Foster's testimony was perjured, and his dual *Brady*/newly discovered evidence claim. (Exhibit H.) On July 7, 2017, the Alabama Court of Criminal Appeals affirmed the trial court's order denying Davis's Rule 32 petition. (Exhibit J.)

Davis sought certiorari review in the Alabama Supreme Court on the following grounds:

1.   The Alabama Court of Criminal Appeals erred in finding that Davis did not sufficiently plead his ineffective assistance of counsel claims. (Exhibit K at 4-8.)

2.   The Alabama Court of Criminal Appeals erred in finding that Davis did not sufficiently plead his newly discovered evidence claims, that he failed to prove perjury, and that the pleaded facts represented mere impeachment evidence. (Exhibit K at 8-10.)

4

3.    The Alabama Court of Criminal Appeals erred in finding that Davis did not sufficiently plead his claim that trial counsel was ineffective for failing to investigate. (Exhibit K at 10-12.)

4.    The Alabama Court of Criminal Appeals erred in finding that Davis did not sufficiently plead his claim that trial counsel was ineffective for failing to obtain a mistrial for jury misconduct. (Exhibit K at 12-14.)

On September 15, 2017, the Alabama Supreme Court issued an order denying

Davis's petition for certiorari review and issued a certificate of judgment. (Exhibit

F at 2.)

On October 6, 2017, Davis filed the instant federal habeas petition setting

forth the following eleven grounds:

"Ground One" - Davis was "denied Due Process and a Fair Trial" because the State's evidence was insufficient "to prove the corpus delecti [sic] and causal connection of death." (Doc. 1 at 9.)

"Ground Two" - Davis was "denied Due Process and a Fair Trial" because the State failed to corroborate the testimony of his accomplice. (Doc. 1 at 10-11.)

"Ground Three" - Davis was "denied Due Process and a Fair Trial" because the State's evidence was insufficient to prove his guilt. (Doc. 1 at 11.)

"Ground Four" - Davis was "denied Due Process and a Fair Trial because the State failed to prove each element of the offense." (Doc. 1 at 12.)

"Ground Five" - Davis was denied his right to effective assistance of counsel because counsel failed to investigate his case. (Doc. 1 at 12-13.)

5

"Ground Six" - Davis was denied his right to effective assistance of
counsel because counsel "failed to challenge the legally
questionable cell phone evidence." (Doc. 1 at 13-14.)

"Ground Seven" - Davis was denied his right to effective assistance of
counsel because "counsel failed to move for funds to fully
investigate the circumstances surrounding [Davis's] case." (Doc.
1 at 14-15.)

"Ground Eight" - "Counsel was Ineffective and Davis was prejudiced
thereby when Counsel fail [sic] to request a Mistrial after two
instances of Jury misconduct." (Doc. 1 at 15-16.)

"Ground Nine" - Davis was "denied due process and fair procedure"
because he unknowingly waived his right to a preliminary
hearing. (Doc. 1 at 16.)

"Ground Ten" - Davis was "denied Due Process and a Fair Trial"
because the State violated *Brady* "or due to Newly Discovered
Evidence." (Doc. 1 at 16-17.)

"Ground Eleven" - Davis was "denied Due Process and a Fair Trial"
because either the State failed to disclose that Foster perjured
himself or trial counsel "failed to look into the information
regarding the most important witness in the case." (Doc. 1 at 17.)

On October 26, 2017, this Court ordered Respondents to file a reply to Davis's

petition. This response follows.

## STATUTE OF LIMITATION

Based on the information contained in the exhibits, it appears that Davis's

petition was filed within the applicable statute of limitation. A petition for writ of

habeas corpus must be filed within one year of "the date on which the judgment

6

became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C.A. § 2244. Davis's direct appeal became final when the Alabama Court of Criminal Appeals issued a certificate of judgment on March 25, 2015. (Exhibit A at 2.) Davis filed a Rule 32 petition on February 29, 2016, (Exhibit G at C. 6-21), which was 341 days into his limitation period. This petition tolled the limitation period. 28 U.S.C.A. § 2244(d)(2) (providing that a "properly filed" Rule 32 petition tolls the one-year statute of limitation for filing a federal habeas petition). Davis's collateral proceedings became final on September 15, 2017, when the Alabama Supreme Court issued a certificate of judgment. (Exhibit F at 2.) At this point, because 341 days had lapsed when Davis filed his Rule 32 petition, he had twenty-four days - or until October 9, 2017 - to file a timely federal habeas petition. Davis filed the instant petition on October 6, 2017, which was three days before the limitation period lapsed.

## EXHAUSTION DOCTRINE

Eight of the eleven grounds set forth in Davis's petition remain unexhausted. Furthermore, because there remains no avenue in state court for Davis to return and fully exhaust these claims, they are also procedurally defaulted. Thus, this Court should decline to review these eight claims.

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion doctrine "is grounded in principles of comity and reflects a desire to protect the state courts' role in the enforcement of federal law." *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). In Alabama, this requires presentment of the claims to our state supreme court. *See Boerckel*, 526 U.S. at 845-47 (explaining that to properly exhaust claims for federal habeas purposes, a petitioner must present the claims to a state's highest court, even where, as in Alabama, that court employs discretionary review).

Grounds "One" through "Four," as set forth in Davis's petition, challenge the sufficiency of the evidence underlying Davis's murder conviction. (Doc. 1 at 9-12.) Davis raised these same claims on direct appeal. (Exhibit C.) The Alabama Court of Criminal Appeals found that grounds "One," "Three," and "Four" were meritless.

(Exhibit E at 10-15.) That court found that ground "Two," alleging that the State did not corroborate accomplice testimony, was not properly preserved, and, alternatively, that it was also without merit. (Exhibit E at 9-10.) Davis did not petition the Alabama Supreme Court for certiorari review of these findings. (Exhibit A at 2.) Thus, because Davis failed to present these claims to Alabama's highest court, they remain unexhausted. *Boerckel*, 526 U.S. at 845-47.

Grounds "Nine" and "Eleven," as set forth in Davis's petition, also remain unexhausted. Ground "Nine," alleging that Davis did not knowingly waive his right to a preliminary hearing, was raised in Davis's Rule 32 petition. (Exhibit G at 15-16.) The trial court found that this claim was refuted by the record and summarily denied it. (Exhibit G. at 80.) Ground "Eleven," alleging a dual *Brady*/ineffective assistance of counsel claim, was also raised in Davis's Rule 32 petition. (Exhibit G at 18-19.) The trial court summarily denied this claim after finding that it was insufficiently pleaded. (Exhibit G at 80.) Davis failed to reassert either of these claims on appeal. (Exhibit H.) Thus, Davis did not "invoke[e] one complete round of the State's established appellate review process" and both claims remain unexhausted. *Boerckel*, 526 U.S. at 842.

Finally, grounds "Five" and "Ten," as set forth in Davis's petition, remain unexhausted. Ground "Five," alleging that trial counsel was ineffective for failing to investigate, was raised in Davis's Rule 32 petition and again on appeal. (Exhibit G

at 9-11; Exhibit H at 9-15.) Likewise, ground "Ten," alleging a dual *Brady*/newly discovered evidence claim, was raised in Davis's Rule 32 petition and again on appeal. (Exhibit G, 12-13; Exhibit H at 17-18.) The Alabama Court of Criminal Appeals found that these claims were insufficiently pleaded to survive summary dismissal and affirmed the trial court's rulings. (Exhibit J at 7-9, 14-15.) Davis failed to include these as grounds when he petitioned the Alabama Supreme Court for certiorari review. (Exhibit K.) Thus, because Davis failed to present these claims to Alabama's highest court, they remain unexhausted. *Boerckel*, 526 U.S. at 845-47.

In addition, these eight claims are procedurally defaulted for purposes of federal habeas review. Though technically unexhausted, they are effectively exhausted because there remains no avenue for Davis to pursue these claims in state court. "[F]ederal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile." *Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir. 1999) (citing *Snowden v. Singletary*, 135 F.3d 732, 737 (11th Cir. 1998)). These claims would be time-barred because Davis's time for filing a Rule 32 petition has lapsed. Ala. R. Crim. P. 32.2(c) (providing for a one-year limitation period after the conclusion of direct appeal within which to file a timely Rule 32 petition). Likewise, these claims would be barred as successive if presented in a second Rule 32 petition. Ala. R. Crim. P. 32.2(b). Accordingly, because there

remains no avenue for Davis to exhaust these claims in state court, they are procedurally defaulted for purposes of federal habeas review.

### Grounds "Six," "Seven," and "Eight"

Grounds "Six," "Seven," and "Eight," as set forth in Davis's petition, were fully exhausted in state court. The Alabama Court of Criminal Appeals, the last state court to fully adjudicate these claims, determined that they were all ripe for summary dismissal by the trial court because they were insufficiently pleaded pursuant to Rule 32.6(b) of the Alabama Rules of Criminal Procedure.[2] "A ruling by an Alabama court under Rule 32.6(b) is also a ruling on the merits." *Borden v. Allen*, 646 F.3d 785, 812 (11th Cir. 2011). Habeas corpus relief "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings . . . ." 28 U.S.C.A. § 2254(d).

In ground "Six," Davis alleges that trial counsel was ineffective for failing to challenge cellular telephone evidence presented by the State. (Doc. 1 at 13-14.) The Alabama Court of Criminal Appeals made the following findings regarding this claim.

---

[2] Rule 32.6(b) of the Alabama Rules of Criminal Procedure provides that "[t]he petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings."

11

Here, Davis failed to include specific facts regarding this issue. For instance, Davis did not give the name of a "cell phone tower expert" that trial counsel should have called as a witness or explain how the expert "would have countered the State's expert." *See Boyd v. State*, 913 So. 2d 1113, 1133 (Ala. Crim. App. 2003) (holding that a claim that failed to "disclose the manner in which any such expert would have countered the State's expert testimony" is insufficiently pleaded). Furthermore, Davis failed to plead sufficient facts indicating that he would have been entitled to a court-funded "cell phone tower expert" if trial counsel had requested one. *See Boyd*, 913 So. 2d at 1133 (citing *Ex parte Moody*, 684 So. 2d 114, 119 (Ala. 1996) ("[T]he indigent defendant must show, with reasonable specificity, that the expert is absolutely necessary to answer a substantial issue or question raised by the state or to support a critical element of the defense.")

As with the above claim, Davis's claim in this regard failed to satisfy the prejudice prong of *Strickland*. In his petition, Davis argues that "[t]he exclusion of certain evidence, such as statements or items that did not have proper chain of custody, can make a [sic] break a case" and that "[t]his failure to limit the admittance of the State's witness or be able to counter with an expert on behalf of [Davis] very likely allowed in evidence that made more specific factual findings that are allowed or scientifically supported enough to pass the *Daubert* test required under Ala. R. Evid. 702." (C. 6.) Davis's statements, however, are nothing more than bare allegations. Therefore, summary dismissal of this claim was appropriate.

(Exhibit J at 10.) In ground "Seven," Davis alleges that trial counsel was ineffective for failing to "fully" investigate the State's witness Jerry Wayne Foster. (Doc. 1 at 14-15.) The Alabama Court of Criminal Appeals made the following findings, in relevant part, regarding this claim.

"'Claims of failure to investigate must show with specificity what information would have been obtained with investigation, and whether, assuming the evidence is admissible, its admission would have produced a different result.'" *Hunt v. State*, 940 So. 2d 1041, 1061

(Ala. Crim. App. 2005) (quoting *Thomas v. State*, 766 So. 2d 860, 892 (Ala. Crim. App. 1998)).

Here, Davis failed to plead sufficient facts in support of his failure-to-investigate claims. Although Davis argues that trial counsel should have investigated ways to "disprove[e] the intimidation of Jerry Wayne Foster," (Davis's brief, p. 10), Davis failed to provide specific facts regarding Foster's testimony or to explain how Foster allegedly perjured himself. Also, Davis failed to plead specific facts regarding Foster's return to Tuskegee or explain why that information was material . . . .

Furthermore, Davis failed to plead specific facts indicating how the outcome of the trial would have been different. To that point, Davis vaguely contends that "he would be shown to be innocent" and that counsel failed to "mak[e] a reasonable inquiry into all defenses that [Davis] could have made," (C. 5-6); however he does not explain how either would have changed the outcome of his trial. Therefore, summary dismissal of this claim was appropriate.

(Exhibit J at 8-9.) In ground "Eight," Davis alleges that trial counsel was ineffective for failing to secure a mistrial for "jury misconduct." (Doc. 1 at 15-16.) The Alabama Court of Criminal Appeals made the following findings regarding this claim.

"Davis argues that trial counsel failed "to obtain a mistrial due to alleged juror misconduct." (C. 14.) Davis specifically argues that "someone in the venire poisoned the pool by declaring that Mr. Davis looked guilty despite no evidence having be[en] presented at that point." (C. 9.) Davis also argues that "one of the jurors had been having communications about the case with third party individuals."

In *Reeves v. State*, [Ms. CR-13-1504, June 10, 2016] __ So. 3d __, __ (Ala. Crim. App. 2016), this Court held:

"To sufficiently plead a claim of juror-misconduct, a Rule 32 petitioner must, at a minimum, identify the juror who the petitioner believes committed the misconduct, must allege specific facts indicating what actions that juror

took that the petitioner believes constituted misconduct, and must allege specific facts indicating how that juror's actions denied the petitioner a fair trial."

__ So. 3d __.

Here, Davis failed to identify in his petition either juror that he alleged acted improperly or provide any specific detail regarding the "information exchanged" with the alleged third party. Although Davis argues that the alleged instances of misconduct "inevitably tainted the jury's outcome" and "unlawfully influence[d] the verdict," (C. 15), Davis failed to plead any specific facts "indicating how [these] actions denied [him] a fair trial." __ So. 3d __.

Furthermore, Davis did not plead sufficient facts showing that his trial counsel erred by failing to move for a mistrial based on his alleged juror-misconduct claim. In fact, Davis admits that the circuit court "fined and held in contempt" the juror that allegedly "shouted" that Davis was guilty. (C. 15.) In light of that, Davis failed to plead facts indicating that the circuit court, after having admonished the juror for that instance of alleged misconduct, should have granted a mistrial on the same ground. *See Saffold v. State*, 570 So. 2d 727, 730 (Ala. Crim. App. 1990) (holding that trial counsel was not required to make futile or frivolous motions). Although Davis claims that he "alerted his counsel that one of the jurors had been having communications about the case with third party individuals," (C. 14), he does not explain whether he notified trial counsel in time to allow him to move for a mistrial. Therefore, summary dismissal of this claim was appropriate.

(Exhibit J at 10-11.)

Davis could overcome Section 2254(d)'s bar to relief by showing that the Alabama Court of Criminal Appeals's findings "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . ; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented . . . ." 28 U.S.C.A. §§

14

2254(d)(1), (2). But, because these grounds all allege ineffective assistance of

counsel, he bears an extremely high burden in doing so.

> A state court's determination that a claim lacks merit precludes
> federal habeas relief so long as fairminded jurists could disagree on
> the correctness of the state court's decision. Indeed, establishing that a
> state court's application of *Strickland* was unreasonable under §
> 2254(d) is all the more difficult. The standards created by *Strickland*
> and § 2254(d) are both highly deferential, and when the two apply in
> tandem, review is doubly so.

*Borden*, 646 F.3d at 817. Davis has not pleaded any facts or law to overcome Section

2254(d)'s bar to relief. Accordingly, he is not entitled to review of these claims.

Respectfully submitted,

Steve Marshall
Attorney General
By-

/s/Kristi O. Wilkerson
Kristi O. Wilkerson (wilkk5887)
Assistant Attorney General

## EXHIBITS

A.  Alabama Court of Criminal Appeals's docket sheet (direct appeal) (CC-12-716; CR-13-0266);

B.  Certified record (direct appeal) (CC-12-716; CR-13-0266);

C.  Davis's brief (direct appeal) (CC-12-716; CR-13-0266);

D.  State's brief (direct appeal) (CC-12-716; CR-13-0266);

E.  Alabama Court of Criminal Appeals's memorandum opinion (direct appeal) (CC-12-716; CR-13-0266);

F.  Alabama Court of Criminal Appeals's docket sheet (Rule 32 appeal) (CC-12-716.60; CR-15-1458);

G.  Certified record (Rule 32 appeal) (CC-12-716.60; CR-15-1458);

H.  Davis's brief (Rule 32 appeal) (CC-12-716.60; CR-15-1458);

I.  State's brief (Rule 32 appeal) (CC-12-716.60; CR-15-1458);

J.  Alabama Court of Criminal Appeals's memorandum opinion (Rule 32 appeal) (CC-12-716.60; CR-15-1458); and,

K.  Davis's petition for writ of certiorari to Alabama Supreme Court (Rule 32 appeal) (CC-12-716.60; CR-15-1458).

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of November, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document (including all exhibits) to the following non-CM/ECF participant to the address listed on the Department of Corrections' website: Sylvester Davis, Jr., AIS # 211672, St Clair County Correctional Facility, 1000 St Clair Road, Springville, Alabama 35146.

/s/Kristi O. Wilkerson
Kristi O. Wilkerson (wilkk5887)

Office of the Attorney General
Criminal Appeals Division
501 Washington Avenue
Post Office Box 300152
Montgomery, AL  36130-0152
Telephone: (334) 242-7300
Fax: (334) 242-2848
E-Mail: docketroom@ago.state.al.us

2415176/194411-003

17