IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SYLVESTER DAVIS, JR., # 211672, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:17cv675-WKW |
| ) | |
| DEWAYNE ESTES, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## ORDER

Respondents have filed an answer to Petitioner's § 2254 petition in accordance with the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*. In their answer (Doc. No. 11), Respondents contend that Petitioner has procedurally defaulted eight of the eleven claims in his § 2254 petition. Respondents contend that Petitioner's remaining three claims were correctly adjudicated on the merits in state court.

Specifically, Respondents argue that Grounds One through Four in the § 2254 petition challenging the sufficiency of the evidence underlying Petitioner's murder conviction were raised on direct appeal, where the Alabama Court of Criminal Appeals found that Grounds One, Three, and Four were meritless and that Ground Two (alleging that the State did not corroborate accomplice testimony) was not properly preserved and, alternatively, that it was also without merit. Respondents maintain that Petitioner did not petition the Alabama Supreme Court for certiorari review of these findings, and, therefore, these claims remain

unexhausted while no avenue exists by which Petitioner can return to state court to exhaust them.

Respondents further argue that Grounds Nine and Eleven in the § 2254 petition also remain unexhausted, because they were not raised on appeal from the denial of Petitioner's Rule 32 petition, and no avenue exists by which Petitioner can return to state court to exhaust them.

Respondents argue that Grounds Five and Ten in the § 2254 petition remain unexhausted, because Petitioner did not pursue these claims in his petition for certiorari review by the Alabama Supreme Court, and Petitioner cannot return to state court to exhaust these claims.

Respondents argue that Grounds Six, Seven, and Eight in the § 2254 petition were exhausted in the state courts and were correctly adjudicated on their merits in state court, specifically, the relevant state court decisions were neither contrary to clearly established federal law nor unreasonable applications of clearly established federal law.

Before a § 2254 petitioner may obtain federal habeas corpus review, he must exhaust his federal claims by raising them in the appropriate court, giving the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Doing so gives the state courts the first opportunity to apply controlling law to their own case and petitioner's claim. *See Duncan v. Walker*, 533 U.S. 167, 178–79 (2001).

In Alabama, a full opportunity for direct review of a criminal conviction includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for a writ of certiorari to the Alabama Supreme Court. *See Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001) ("Alabama's discretionary direct review procedures bring Alabama prisoner habeas petitions within the scope of the *Boerckel* rule."); Ala. R. App. P. 39 & 40 (setting rules for appeals). The exhaustion requirement applies to state post-conviction proceedings and to direct appeals. *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

Federal claims never presented to a state court or claims not exhausted properly in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996) (where state court remedies are no longer available because petitioner failed to file a direct appeal or initiate timely state post-conviction action, petitioner has procedurally defaulted on his claims and is generally barred from asserting claims in a federal habeas proceeding); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas.") (citations omitted); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (when petitioner fails to properly exhaust claims in state court and is barred from raising claims in state court by state procedural rules, such claims are procedurally defaulted).

Federal habeas review may also be unavailable for claims that a state court has rejected on state procedural grounds. *Coleman*, 501 U.S. at 729. When a state prisoner fails to follow state procedural rules, thereby procedurally defaulting on a claim, the authority of federal courts to review the prisoner's state court criminal conviction is "severely restricted." *Johnson v. Singletary*, 938 F.2d 1166, 1173 (11th Cir. 1991). "Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief." *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992); *see Marek v. Singletary*, 62 F.3d 1295, 1301–02 (11th Cir. 1995).

> By its very definition, the adequate and independent state-ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. *See Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935). Thus, by applying this doctrine to habeas cases, [*Wainwright v. Sykes*, 433 U.S. 72 (1977)] curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision. In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

*Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

Petitioner is advised that a procedural default bars consideration of the merits of a claim "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750;

*Peoples v. Campbell*, 377 F.3d 1208, 1235 (11th Cir. 2004); *Henderson*, 353 F.3d at 892. However, even if a petitioner fails to show cause and prejudice, a procedural default will not preclude a federal court from considering the petitioner's federal constitutional claim where the petitioner is able to show that the court's failure to address his claim would result in a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 320 (1995); *Murray v. Carrier*, 477 U.S. 478 (1986). The miscarriage of justice exception allows federal courts to address procedurally defaulted claims if the petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.

Title 28 U.S.C. § 2254(d)(1) places constraints on the power of a federal court to grant a state prisoner's application for habeas corpus relief regarding claims adjudicated on the merits in state court. The statute allows this court to grant a writ of habeas corpus only "if the relevant state-court decision was either (1) '*contrary to* ... clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) '*involved an unreasonable application of* ... clearly established Federal law, as determined by the Supreme Court of the United States.' (Emphases added.)" *Williams v. Taylor*, 529 U.S. at 404-05. "Under § 2254(d)(1) and the *Williams* decision, [a federal court] can grant relief only if the state court decision denying relief is 'contrary to' clearly established federal law or is an 'unreasonable application' of federal law." *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). In the vast majority of cases, a federal district court will face a contention

5

that the state court unreasonably applied federal law.

> In determining whether the state court's decision is an unreasonable application of the law set out in [applicable] Supreme Court decisions, we need not decide whether we would have reached the same result as the state court if we had been deciding the issue in the first instance. Instead, we decide only whether the state court's decision of the issue is objectively unreasonably. *See Williams v. Taylor*, 529 U.S. 362, 411, 120 S.Ct. 1495, 1522, 146 L.Ed.2d 389 (2000) ("Under §2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."); *Brown v. Head*, 272 F.3d 1308, [1313] (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide.").

*Wright v. Secretary for the Dept. of Corrections*, 278 F.3d 1245, 1256 (11th Cir. 2002).

The statute clarifies that a federal court cannot grant relief regarding claims adjudicated on the merits by the state courts "unless the adjudication of the claim ... resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

Accordingly, it is

ORDERED that on or before December 7, 2017, Petitioner may file a response to the answer filed by Respondents. Any pleadings, documents or evidence filed after this date will not be considered by the court except in exceptional circumstances. Petitioner is advised that at any time after December 7, 2017, the court will "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make

such disposition of the petition as justice shall require." Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

Petitioner is instructed that when responding to Respondents' answer, he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts that demonstrate Petitioner is entitled to relief on those grounds presented in the § 2254 petition. If documents not previously filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When Petitioner attacks Respondents' answer by affidavits or other documents, the court will, at the proper time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2254 Cases in the United States District Courts*.

Petitioner is cautioned that in responding to Respondents' assertion that his claims are procedurally defaulted, he must state specific reasons why he failed to comply with the state's procedural rules or otherwise did not present or pursue these claims in state court either at the trial court level, on appeal or in available post-conviction proceedings. Petitioner is advised that the reasons presented must be legally sufficient and that the facts surrounding or relating to the reasons for the failure must be stated with specificity. If Petitioner asserts that this court should address the procedurally defaulted claims under the fundamental miscarriage of justice exception, Petitioner must show specific reasons for the application of this exception.

Done this 17th day of November, 2017.

/s/ Wallace Capel, Jr.

WALLACE CAPEL, JR.

UNITED STATES MAGISTRATE JUDGE