IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA RECEIVED
EASTERN DIVISION

2017 DEC 15  P 1: 00

DEBRA P. HACKETT. CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| SYLVESTER DAVIS, JR. | * | |
| Petitioner, | * | |
| VS. | * | Civil Action No. 3:17cv675-WKW |
| DEWAYNE ESTES, et al., | * | |
| Respondent. | * | |

## PETITIONER'S RESPONSE TO RESPONDENT'S ANSWER
## TO FEDERAL HABEAS PETITION

Comes now the Petitioner, Sylvester Davis Jr., Pro Se, in the above styled action, and hereby submits his Response to Respondent's November 17, 2017 Answer to Petitioner's Federal Habeas Petition, as follows:

### I. PROCEDURAL HISTORY:

1. On October 25, 2013, a jury found Petitioner, Sylvester Davis, Jr., guilty of        Murder in the death of his girlfriend, Yamisha Thomas. Davis conviction rested almost entirely upon the testimony of two people: Jerry Wayne Foster, a jailhouse informant whose statements were false and motivated by police intimidation and receive favorable treatment for his testimony, and the second person, was the State's cell phone tower expert, whose unscientific and unreliable evidence was provided to the jury without rebuttal, without a counter-expert, and without effective cross-examination

by defense counsel.

2. On November 15, 2013, Davis was sentenced under Alabama's Habitual Felony Offender Act, to Life Imprisonment Without the Possibility of Parole.

3. On Direct Appeal, Davis challenged the sufficiency of the State's evidence. Specifically, Davis argues that the State failed to show the corpus delicti of the charged crime; that the State relied on the uncorroborated testimony of Foster, who was an accomplice, and that his conviction was based on insufficiency evidence. In an unpublished memorandum, the Alabama Court of Criminal Appeals affirmed Davis conviction and sentence. See Davis V. State (No. CR-13-0266), Mar. 6, 2015). Davis, who was represented by Anna C. Parker on Direct Appeal, Parker did not file an Application for Rehearing or Petition for Writ of Certiorari to the Alabama Supreme Court, nor did counsel inform Davis of his rights to seek further review of his conviction. Thus, the certificate of judgment issued in this case on March 25, 2015.

4. On February 29, 2016, Davis filed a timely Rule 32 Ala.R.Crim.P., asserting the following grounds for relief: (1) Trial counsel failed to properly investigate the case against him; (2) Trial counsel failed to make a motion to hire an expert to refute the State's cell-phone expert; (3) Counsel failed to move the court to provide funds to fully investigate the circumstances surrounding the trial against him; (4) Counsel failed to push for a mistrial after two instances of jury misconduct that affected the outcome of

2.

the trial; (5) Unconstitutional court procedure that prevented him from knowingly waiving his right to a preliminary hearing; (6) Newly Discovered evidence exist in that the State's key witness, Jerry Wayne Foster admits to incriminating facts on Facebook and admits to testimony to protect himself; (7) Davis was denied a fair trial due to the failure of the State to disclose Brady material; (8) The State either failed to inform Davis counsel that Jerry Wayne Foster has not been truthful on the stand regarding who bailed him out, or trial counsel was ineffective for failure to look the information regarding the most important witness in the case.

5. On April 5, 2016, the State filed an answer to the petition asserting that Davis claims were precluded under Rule 32.2 Ala.R.Crim.P.; were without merits and that Davis had failed to plead his claims with specificity. On August 10, 2016, the Circuit Court issued a written order summarily dismissing Davis's petition, without conducting an evidentiary hearing.

6. On July 7, 2017, the Alabama Court of Criminal Appeals, in a unpublished memorandum, affirmed the judgment of the circuit court. Davis filed a timely application for rehearing, which the Court overruled on August 4, 2017. Davis thereafter filed a timely petition for writ of certiorai to the Alabama Supreme Court, which that court denied on September 15, 2017, and the certificate of judgment issued the same day.

7. On October 6, 2017, Davis filed the instant habeas petition pursuant to 28 U.S.C.§ 2254, raising the following grounds for relief:

3.

Ground One: Davis was denied Due Process and a fair Trial because the State's evidence was insufficent to prove the corpus delecti and causal connection of death;

Ground Two: Davis was denied Due Process and a fair trial because the State failed to corroborate the testimony of his accomplice;

Ground Three: Davis was denied Due Process and a Fair Trial because the State's evidence was insufficient to prove his guilt;

Ground Four: Davis was denied Due Process and a fair trial because the State failed to prove eaxh element of the offense;

Ground Five: Davis was denied his right to Effective assistance of counsel because counsel fail to investigate his case;

Ground Six: Davis was denied his right to effective assistance of counsel because counsel fail to challenge the legally questionable cell phone evidence;

Ground Seven: Davis was denied his right to effective assistance of counsel because counsel fail to move for funds to fully investigate the circumstances surrounding Davis case;

Ground Eight: Counsel was ineffective and Davis was prejudiced thereby when counsel fail to request a mistrial after two instances of jury misconduct;

Ground Nine: Davis was denied Due Process and fair procedure, because he unknowingly waived his right to a preliminary hearing;

Ground Ten: Davis was denied Due Process and a Fair Trial because the State violated Brady V. Maryland or due to newly discovered evidence;

Ground Eleven: Davis was denied Due Process and a Fair Trial because either the State failed to disclose that Foster perjured himself or Trial counsel failed to look into the information regarding the most important witness in the case.

8. On November 17, 2017, Respondent filed its Response to Petitioner's Federal Habeas Petition, as directed by this Court's October 26, 2017 Order. In its response, Respondent admits that Davis Habeas Petition was filed within the applicable statute of

limitations, and admits that all of Davis Habeas claims have been raised in State Court, either on direct appeal or in Davis's Rule 32 Ala.R.Crim.P., Petition, However, Respondents asserts that Eight of the Eleven grounds raised by Davis are unexhausted. Specifically, Respondents argues that Grounds One through Four in Davis Petition challenging the sufficiency of the evidence underlying Davis's murder conviction were raised on direct appeal, where the Alabama Court of Criminal Appeals found the grounds One, Three, and Four were meritless and that Ground Two, That the State did not corroborate accomplice testimony, was not properly preserved, or alternatively, that it was also without merit. Respondents asserts that Davis did not petition the Alabama Supreme Court for certiorari revies of these findings, and therefore, these claims remain unexhausted while no avenue exists by which Davis can returnto State court to exhaust them.

Respondent asserts that Grounds Five and Ten in Davis Petition are exhausted because Davis did not pursue these claims in his Petition for certiorari review by the Alabama Supreme court, and Davis cannot return to State court to exhaust these claims.

Respondent asserts that Grounds Six, Seven and Eight in Davis petition were exhausted in State courts and were correctly adjudicated on their merits in State court, thus, Davis is not entitled to habeas relief on those claims.

Respondents asserts that Grounds Nine and Eleven in Davis Petition are unexhausted, because they were not raised on appeal from the denial of Davis's Rule 32 Ala.R.Crim.P., petition.

9. On November 17, 2017, this Court issued an Order directing Davis, or rather informing Davis that he may file a response to the Answer filed by Respondent on or before December 7, 2017.

## II. Petitioner's Response to Respondents Answer to Habeas Petition

Petitioner contends that contrary to the Respondents assertions in its answer, that this Court is either prohibited from granting habeas relief based on a procedural default or because the State court allegedly adjudicated the merits of Davis claims correctly, he is entitled to habeas relief, because Davis can demonstrate cause for an prejudice or that a fundamental miscarriage of justice will result for a failure to consider the claims.

Petitioner avers for convenience he will address the claims as they appear in Respondents response to the Petition. First Respondents asserts that Davis Grounds One through Four, challenging the sufficinecy of the evidence underlying Davis Murder conviction was raised on Direct Appeal of Davis conviction, however, the Alabama court of criminal appeals found that Ground One, Three and Four were meritless, and found ground Two not properly preserved and meritless.

Respondents asserts that Davis did not present these claims to the Alabama highest Court. Thus, they are unexhausted.

Petitioner avers that Grounds One through Four as correctly stated by Respondents was raised on Davis direct appeal where in Davis challenged the sufficiency of the evidence to sustain his conviction. In Ground One Davis argued that the State failed to prove the corpus delecti and causal connection of death. In Ground two Davis argued that

6.

the State evidence consisted solely upon the uncorroborated testimony of an accomplice, Jerry Wayne Foster. In ground three Davis argued that States evidence was insufficient to sustain the conviction. In ground four Davis argued that his rights to Due Process was violated based on the State's failure to prove his guilt beyond a reasonable doubt of every element necessary as required by law.

In **Jackson V. Virginia, 433 U.S. 307, 324, 99 S.Ct. 2781, 61 L.ed2d 560 (1979),** the United States Supreme Court held that a petitioner is entitled to habeas corpus relief if it is found that upon the record evidence adduced at trial, no rational trier of fact could have found proof of guilt beyond a reasonable doubt. Id. at 324

In this case, Davis contends based on the record evidence, the trial court erred in denying Davis motions for a judgment of acquittal, and the Alabama Court of Criminal Appeals affirmance of the same, was contrary to an involved an unreasonable application of clearly established Supreme Court precedents.

Davis admits that these four grounds were unexhausted, but submits that it was through no fault of Davis, but based on his direct appeal counsel failure to pursue Davis direct appeal to the Alabama Supreme Court by filing a petition for rehearing in the court of appeals from its march 6, 2015 initial opinion affirming Davis conviction and a subsequent Petition for Writ of Certiorari to the Alabama Supreme Court. Davis direct appeal counsel, Anna C. Parker, not only did not exhaust Davis State remedies, but fail to inform Davis that such avenues of review was available; the procedure and Rules, and that such was required under Federal law. See **O'Sullivan V. Boerckel,** 526 U.S. 838, 842, 119 S.Ct. 1728, 1731, 144 L.ed2d 1 (1999).

Petitioner acknowledge that to obtain review of the merits of these claims, Davis must demonstrate cause for the default and actiual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in afundamental miscarriage of justice. See **Coleman V. Thompson,** 501 U.S. 722 (1991); **Murray V. Carrier,** 477 U.S. 478 (1986).

Davis contends that he has demonstrated cause for the default, because his Direct Appeal counsel fail to file an Application for Rehearing and subsequent petition for writ of certiorari to the Alabama Supreme Court to fully exhaust Davis claims and counsel failure to inform Davis of his rights to seek further review of his conviction, and that such was required under Federal law.

Davis contends that he was prejudiced by counsel error and omissions as  it allowing Davis to remain in prison under a conviction that the State fail to present sufficient evidence to sustain Davis conviction. Davis acknowledge that under Alabama law, an application for Rehearing and Petition for Writ of Certiorari, are a matter of discretionary review by Alabama Appellate courts. See **Kinsey V. State,** 545 So.2d 200, 203 (Ala.Crim.App. 1989).

Davis is also mindful of the United States Supreme Court decision in **Ross v. Moffitt,** 417 U.S. 600 (1974), that a criminal defendant does not have a constitutional right to counsel to pursue

8.

**discretionary review, however, based on the circumstances of this case, and the evolving standards of** decency, the Due Process and Equal Protection Clauses, requires that this court review the merits of Davis claims. Specifically, Davis contends that the United States Supreme Court has recently held in **Martinez v. Ryan,** 132 S.Ct. 1309 (2012), that ineffective assistance of counsel in an initial review collateral proceeding on a claim of ineffective assistance of trial counsel, may provide cause for a procedural default in a Federal Habeas proceedings. Id. at 1319; See also **Trevino V. Thaler,** 133 S.Ct. 1911 (2013).

Davis argues certainly, if Counsel in postconviction proceedings ineffectiveness can establish cause to excuse a procedural default, counsel ineffectiveness on Direct Appeal as of right, should establish cause to excuse a procedural default.

Based on the circumstances, it would be a fundamental miscarriage of Justice for this court not to consider the merits of Davis Habeas Claims.

Next, Respondent argues that Davis Grounds Nine, that Davis was denied Due Process and fair procedure because he unknowingly waived his right to a preliminary hearing, and Ground Eleven, that Davis was denied Due Process and a fair trial, because either the State failed to disclose that Foster perjured himself or trial counsel failed to look into information regarding the most important witness in the case, are procedurally defaulted.

9.

Specifically, Respondent asserts that Ground Nine and Eleven was raised in Davis Rule 32 petition, but Davis failed to reassert either of these claims on appeal. Thus, Respondent contends that Davis fail to invoke one complete round of the State's established appellate review and both grounds are unexhausted. Davis argues that it appears that Respondent is correct with regards to ground Nine, however, this court may still review the merits of this ground based on Davis can establish cause and prejudice for the default, in this case. Davis avers that his counsel in the postconviction proceeding was ineffective for failure to raise the claim on appeal from the trial court's denial of Davis Rule 32 petition. Thus, under **Martinez V. Ryan, Supra., this court can review the merits of Davis habeas ground Nine.**

With respect to Ground Eleven, Respondents is incorrect in concluding that this claim is defaulted, the record clearly refutes respondents assertion that Davis ground Eleven was not raised on appeal. ( See respondents Exhibit J, pg. 10-15). Accordingly, Davis contends that this Court is not prohibited from reviewing the merits of Ground Eleven, and this court is not prohibited from conducting a hearing, as Davis has not failed to develope the factual basis of this claim. See **Williams V. Taylor,** 529 U.S. 362 (2000).

Respondents, Next asserts that Davis Grounds Five, that Davis was denied his right to effective assistance of counsel because counsel fail to investigate the case, and Ground Ten, that

Davis was denied Due Process and a fair trial because the State violated **Brady** or due to Newly Discovered evidence, are unexhausted. Specifically, Respondents asserts that while these Grounds were raised in Davis Rule 32 petition and pursued on appeal, the claims were not raised in Davis Petition for Writ of Certiorari to the Alabama Supreme Court.

Davis contends that contrary to Respondents assertion, both of Davis Grounds Five and Ten, were included in Davis petition for Writ of Certiorari before the Alabama Supreme Court. ( See Respondents Exhibit K, pg. 8-12). Accordingly, this court is not prohibited from reviewing the merits of these claims, and this court is also not prohibited from granting Davis an evidentiary hearing, as Davis did not fail to develope the factual basis of this claim in State Court, as Davis requested an evidentiary hearing in State Court, but was denied one. See **Williams V. Taylor, Supra.**

### GROUNDS SIX, SEVEN AND EIGHT

Davis argues that Respondent asserts these grounds are fully exhausted and were adjudicated on the merits by the State Court, however, Respondent asserts Davis is not entitled to habeas relief, because Davis cannot overcome Section 2254(d)'s bar to relief. Title 28 U.S.C. § 2254 (d)(1) places constraints on the power of a federal court to grant a state prisoners application for habeas corpus relief regarding claims adjudicated on the merits in state court. The statute allows a Federal court to grant a writ

of habeas corpus only, if the relevant state-court decision was either(1) contrary to, or involved an unreasonable application of, clearly established Federal law...; or (2) resulted in adecision that was based on an unreasonable determination of the facts in light of the evidence presented....See 28 U.S.C.§§ 2254 (d)(1), (2); **Williams V. Taylor,** 529 U.S. at 404-05. Under §2254(d)(1) and the Williams decision, a federal court can grant relief only if the State court decision denying relief is contrary to clearly established federal law or is an unreasonable application of federal law. **See Brown V. Head,** 272 F.3d 1308, 1313 (11thCir. 2001). In determining whether the state court's decision is an unreasonable application of the law set out in applicable Supreme Court decisions, federal courts need not decide whether we would have reached the same result as the state court if the court had been deciding the issue in the first instance, Instead, the court decide only whether the state court decision of the issue is objectively unreasonable. **Williams, Supra** 529 U.S. at 411

Davis contends, with these statutory principles in mind, the State court adjudication of the merits of Davis habeas grounds Six, Seven and Eight, were contray to or involved an unreasonable application of clearly established Federal law and was based on an unreasonable determination of the facts presented in the State court proceedings.

In the instant habeas proceedings, Davis grounds Six, Seven and Eight, are based on ineffective assistance of counsel. The United States Supreme Court clearly established the law

**governing such claims in** <u>Strickland V. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.ed2d 674 (1984). **Strickland,** requires a criminal defendant to show that: (1) Counsel's performance was deficient, and (2) The deficiency prejudiced him. Id. at 690.

As to the first prong, deficient performance means performance outside the wide range of professionally competent assistance. Id.

As to the second prong, a defendant establishes prejudice by showing that, but for counsel's deficient performance, there is a reasonabl probability the outcome of the proceeding would have been different. Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. Id.

### DAVIS HABEAS GROUND SIX

In Ground Six, Davis contends that he was denied his Sixth Amendment right to effective assistance of counsel when counsel fail to challenge the legally questionable cell phone evidence. Trial counsel made no motion for extraordinary funds to hire a cell phone tower expert to refute the State's cell phone evidence.

Petitioner avers that the case against him was proved in large part due to cell phone tower evidence. Under Ala.R.Evid. 702, experts may testify as to evidence in a case under certain circumstances, t he testimony must be based on a scientific theory, principle, methodology or procedure, and is only admissible if: (1) The testimony is based on sufficient facts or

date; (2) The testimony is t he product of reliable principles and methods; and (3) The witness has applied the principles and methods reliability to the facts of the case. Ala.R. Rvid. 702(b).

The Alabama Rules of Evidence essentially adopt the scientific standards set forth in **Daubert v. Merrell Dow Pharamaceutical,** 509 U.S. 579 (1993). See Ala.R.Evid. Rule 702 advisory Committee's notes. In looking at proposed expert testimony, (1) A key question to be answered is, ordinarily, whether the theory or technique can be and has been tested; (2) a pertinent consideration is whether the theory or technique has been subjected to peer review and publication, although the fact of publication, or lack thereof, in a peer-reviewed journal is not a dispositive consideration; (3) the court should ordinarily consider the known or potential rate of error of a particular scientific technique; (4) the assessment of reliability permits, but does not require, explicit identification of a relevant scientific community and an express determination of a particular degree of ACCEPTANCE of the theory or technique within that community, as (a) widespresd acceptance can be an impostant factor in ruling particular evidence admissible, and (b) a known technique that has been able to attract only minimal support within the acientific community may properly be viewed with skepticism; and (5)the inquiry is a flexible one, and the focus must be solely on principles and methodology, not on the conclusions that such principles and methodology generate. The

testimonial requirements under Daubert also apply to all types of expert testimony including scientific, technical and specialized ones. See **Kumho Tire Co. V. Carmichael,** 526 U.S. 137 (1999).

In the instant case, Davis trial counsel made no motion for extraordinary funds to hire a cell phone tower expert, the use of cell phone tower evidence is extremely dubious. Edward J. Imwinkelried, a University of California law professor and expert in the use of scientific evidence believes that the end result will be a much better understanding of cell-tower technology and better use of cellphone evidence, when both the defense and prosecution have an equal understanding of cell phone technology. **TOM JACKSON, Experts Say Law Enforcement's Use of Cellphone Records can be Inaccurate WashingtonPost.Com.**

Counsel failure to limit the admittance of the State's witness or be able to counter with an expert on behalf of the Petitioner, very likely allowed in evidence that made more specific factual findings that are allowed or scientifically supported enough to pass the daubert test required under Ala.R.Evid. 702. Thus, Davis, contends that the State Courts adjudication of the merits of this claim, was contrary to or involved an unreasonable application of clearly established Supreme Court precedent, and Davis is entitled to habeas relief on this claim.

### Davis Habeas Ground Seven

In Ground Seven of his Petition, Davis avers that his trial counsel was ineffective and prejudiced thereby when counsel fail to move for funds to fully investigate the facts and circumstances surrounding the charges against him.

The actions that State witness, Jerry Wayne Foster, took leaving Phenix City and going back to Tuskegee were extremely important to determining whether Mr. Foster was being truthful in his description of what happened to the victim, asking for extra funds to hire an investigator to collect testimony from individuals in Tuskegee and in Phenix City was extremely important to Davis defense. The State's theory almost entirely depended upon the testimony of Foster, and Petitioner's trial counsel had some previous testimony that Foster had given in this case, a motion should have been made to ensure extra funds to hire an investigator to scrutinize the individuals that Foster interacted with and ensure that Foster was being truthful. Also, an investigator would have been able to look into the story that Foster gave regarding the person that bailed him out of jail, at trial that person was never named. Counsel failure to investigate impostant issues such as these, are especially egregious in a murder trial where his client is facing life without parole.

Foster was the singular eyewitness in this case, and had it been shown to the jury that he was lying to protect himself, Davis trial would have undoubtedly had a different outcome. This simple premise is the reason that holdings like in **Brady V. Maryland ,** 373 U.S. 83 (1963), and **Giglio V. United States,** 405 U.S. 150 (1972), **exist.**

**16.**

**Davis claim that trial counsel failed to investigate the case is far froma bare allegation and mere conclusion of law.** If proven, the failure on the part of trial counsel to investigate caused several serious issues and prejudiced Davis ability to receive a fair trial, these issues prejudiced Davis and could have been solved with a thorough investigation or hiring an investigator. First, the Nonexistent intimidation of Foster was extremely important as well, it could have disputed Foster's story that he was fleeing from the Petitioner or have shown that Foster was actually trying to hide from police for this crime. Petitioner also provided the names of people who were available during trial, more credible to a jury , and could account for his actions that day. Certainly counsel unprofessional errors in this regards was prejudical to Davis rights, and at a minimum Davis shouls have been given a hearing on the merits. See **Strickland, Supra.**

### Davis Habeas Ground Eight

In Ground Eight, Davis asserts that his Trial Counsel was ineffective and he was prejudiced thereby when counsel fail to move for  a mistrial based on Jury Misconduct.

Davis made his trial attorney aware that one of the jurors had been asking people around the neighborhood what they thought about the case and how they should vote. Counsel failed to call for a new venire despite the fact that someone in the venire poisoned the pool by declaring that Mr. Davis looked guilty despite no evidence being presented at that point. While at first glance the impact that one juror yelling that Mr. Davis looked

**17.**

guilty before the entire potential jury pool would not be serious, there is a great deal of psychological impact that that type of inference can have.

Under Alabama law, a mistrial is a drastic remedy that should be used sparingly and only to prevent manifest injustice. **Ex Parte Thomas,** 625 So.2d 1156 (Ala.1993). The test to determine whether the jury misconduct is prejudical and requires a new trial is expressed in **Roan V. State,** 225 Ala.428, 435 (1932):

> The test of vitiating influence is not that it did influence a member of the jury to act without the evidence but that it might have unlawfully influenced that juror and others with whom he deliberated, and might have unlawfully influenced its verdict rendered.

A claim of juror misconduct raised in a postconviction petition shall not be treated as a claim of newly discovered evidence, but a Constitutional violation requiring a new trial. See **Ex Parte Pierce,** 851 So.2d 606, 612 (Ala.2000).

Davis, contends that his trial counsel was either ineffective for failing to bring attention to the misconduct of the juror during the original trial, or that Davis rights we re violated and deserves a new trial under Rule 32. In any event, the state court adjudication of this claim was contrary to and involve and unreasonable application of Supreme Court precedent, and this habeas court should grant Davis habeas relief.

Petitioner contends that trial counsel failed to conduct a constitutional investigation as required by Strickland; the failure by trial counsel to object to inadmissible testimony

**18.**

**regarding the whereabouts of Davis, was ineffective assistance of counsel. The State's expert witness cell phone data made many conclusions regarding the ability to determine where Davis was at certain points in time. the witness even used several maps during the trial** to explain Davis whereabouts. The large amount of information that is available now and even then showsd that the inferences that the expert was making cannot be supported by science, just because counsel spoke with the State's expert does not mean that their performance was not below what is expected of them and did not prejudice Petitioner. An effective lawyer does not allow into evidence, information that is harmful to his client, when the scientific accuray of the evidence, is dubious at best.

Petitioner has also clearly established that there was an issue with the jury that juror Amanda Holloway had been talking about the case around the neighborhood, and Petitioner had witnesses willing to testify that they heard the juror. Mr. Davis should have been provided an evidentiary hearing in State Court on his claims, but since the State fail to give a fair opportunity, this court is nor prohibited from granting Davis relief in this proceeding.

**CONCLUSION**

Based on the foregoing, this Court after review and consideration of the same, should Grant Davis Habeas Relief and such other relief as the law and justice requires.

Respectfully    Submitted,

_Sylvester Davis Jr._  12-13-17

Sylvester    Davis,    Jr.-
AIS#211672
1000 St. Clair Road
Springville, Al.    35146

19.

## CERTIFICATE OF SERVICE

I, hereby certify that I have this___day of December 2017, served a copy of the foregoing on the Respondents, and all parties to this proceeding, by placing a copy of the same in the prison internal mailing system for mailing, postage prepaid and properly addressed to Kristi O. Wilkerson, Assistant Attorney General, 501 washington Avenue Montgomery, Al. 36130.

_Sylvester Davis Jr._ 12-13-17
SYLVESTER    DAVIS, Jr.

SYLVESTER DAVIS, JR.
AIS# 211672-G-18
1000 St. Clair Road        35146
Springville, Alabama

OFFICE OF THE CLERK
United States District Court
Middle District of Alabama
One Church Street, Ste. B-110
Montgomery, Alabama        36104-4018

"This correspondence is forwarded from an Alabama
State Prison. The contents have not been evaluated,
and the ADOC is not responsible for the substance or
content of the enclosed communication."